**George A. Donnelly, Plaintiff in Error, v. Antiseptol Liquid Soap Company, Defendant in Error.**

**Gen. No. 16,697.**

1. CORPORATIONS—*employment of attorney*. Evidence was conflicting whether a director of a corporation was removed at a stockholders' meeting and whether a subsequent meeting of the board of directors was adjourned without day or adjourned to the office of an attorney. Without notice to the other directors and without having possession of the office or any property of the corporation, the alleged deposed director, with others, met at the attorney's office, attempted to exercise the functions of a board of directors and employed an attorney to institute suits for the corporation. *Held*, in an action by the attorney to recover compensation from the corporation, the act of the supposed board of directors in employing the attorney was void.

2. CORPORATIONS—*when employment of attorney not ratified*. Where a contesting body attempting to exercise the functions of a board of directors employed an attorney to institute suits for the corporation, it cannot be contended that the corporation acquiesced in the rendition of the services and is estopped from saying that the attorney was not employed by the corporation, where the board of directors elected at the next ensuing meeting of stockholders ordered the suits dismissed.

Error to the Municipal Court of Chicago; the Hon. MANCHA BRUGGEMEYER, Judge, presiding. Heard in this court at the October

term, 1910. Affirmed. Opinion filed January 27, 1913. Rehearing denied February 10, 1913.

TINSMAN, RANKIN & NELTNOR, for plaintiff in error.

CRATTY BROS. and CHARLES HUDSON, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

Plaintiff in error brought an action in the Municipal Court against defendant in error to recover attorney's fees in a cause in equity brought in the name of the defendant as complainant against Voges and Claussen to cancel certain shares of the capital stock of the defendant held by them, alleged to have been fraudulently issued to them, and in an action in the Municipal Court brought in the name of the defendant against Mrs. Seiler to recover $1,000 alleged to be due from her to defendant for stock issued to her and not paid for. A jury found the issues for the defendant, the court denied plaintiff's motion for a new trial, gave judgment on the verdict and plaintiff prosecutes this writ of error.

The defendant corporation was organized in 1906 for pecuniary profit, with five directors, who were elected for a term of one year. At the annual meeting of stockholders in January, 1908, Voges, Claussen, Steinweg, Reuter and Leslie were elected directors. The directors elected Voges president and Claussen secretary. Director Steinweg was a salesman for the Company and February 20 was discharged for cause by president Voges. April 18 notices were sent out for a meeting of stockholders to be held April 30 for the purpose of acting on charges filed against director Steinweg, with a view to removing him if found guilty, and electing a successor.

The by-laws required ten days' notice of special meetings of the directors. April 23 the secretary sent

notices to all the directors of a meeting of the board to be held at the Company's office, 99 South Clinton street, Chicago, May 4, at 10 A. M. The testimony is conflicting as to what occurred at the stockholders' meeting. The secretary's record shows that the meeting was adjourned to 2 P. M., and at that hour again adjourned to 10 A. M. the next day; that at such adjourned meeting evidence was heard in support of the charges and a resolution adopted removing director Steinweg as director, and that Mrs. Seiler was then elected a director. Witnesses called by defendant testified in substance to the facts stated in the secretary's record. Witnesses called by the plaintiff testified that at the first meeting a motion to adjourn to two o'clock was made and lost; that a resolution was then adopted that the charges against Steinweg be dismissed and that afterwards a motion was put and carried to adjourn without day.

We do not deem it necessary to decide whether the stockholders could remove director Steinweg, nor whether, if they could, the jury might properly find that he was removed, but shall only consider the question whether the jury might from the evidence properly find that the plaintiff was not employed or retained by the defendant to render the services for which he claimed compensation.

The minutes of the directors' meeting of May 4, kept by secretary Claussen and signed by him and president Voges, show that there were present at such meeting directors Voges, Claussen, Leslie, Reuter and Mrs. Seiler; that Steinweg was also present, and after the call of the roll he protested against any meeting being held, "whereupon a motion was made and seconded that the meeting of the board of directors adjourn without day. The motion being put was carried." There was also introduced in evidence by plaintiff, with the consent of the defendant, a stenographic report of the proceedings of said meeting down to the time the president put the motion to ad-

journ and declared it carried. From this report it appears the proceedings of said meeting were as follows: Steinweg objected to the calling of Mrs. Seiler's name as a director and was declared out of order by the president; that Claussen then moved to exclude Mr. Lewald (Steinweg's stenographer) and Knudson, and the president put the motion and declared it carried; that Claussen moved an adjournment and president Voges put the motion and asked all in favor of it to say "Aye;" that Claussen, Mrs. Seiler and Voges said "Aye," and the president declared the motion carried; that after the motion was declared carried Reuter, Leslie and Steinweg said "No."

Steinweg testified that Leslie made a motion to investigate certain acts of president Voges; that on the making of that motion the president and secretary left the room and "Mr. Reuter, Mr. Leslie and myself then adjourned the meeting to the office of our attorney, Mr. Donnelly." Leslie and Reuter testified in the case, but neither testified as to what occurred at the directors' meeting. Voges, Claussen and Mrs. Seiler testified as to what occurred at the meeting, and no one of them said anything about such a motion as Steinweg testified Leslie made, or about any adjournment of the meeting to Donnelly's office. Steinweg's testimony is in direct conflict with the minutes of the meeting kept by the secretary and with the stenographic report introduced in evidence by the plaintiff. The testimony of Voges, Claussen and Mrs. Seiler tends to contradict it and it is not corroborated by the testimony of either Leslie or Reuter. We think that the evidence fails to show that any motion to adjourn to Donnelly's office was made or adopted at the meeting of the directors held at the Company's office, and that the meeting of Leslie, Reuter and Steinweg at Donnelly's office was convened and held without giving notice of the time and place of such meeting to the other two *de jure* directors; that Voges and

Claussen were completely ignored, and Leslie and Reuter met and acted with Steinweg. The supposed board which met at Donnelly's office did not have possession or control of the office, property, seal, record books or papers of the corporation.

In Waterman v. Chicago & I. R. Co., 139 Ill. 658, which was an action by Waterman, claiming to be the president of the Railroad Company, for his salary as president, the board of directors of the Railroad Company consisted of seven members, who under the by-laws held their office for one year and until their successors were elected. At a meeting of the stockholders held March 3, 1880, four of the old board were declared re-elected and three new members. That election was held illegal, but the four members of the old board so declared elected were *de jure* directors because they held their office until their successors were elected. The new board met at a place other than that fixed by the by-laws for the meeting of the board of directors and all being present elected Waterman president. The new board did not have possession of the records, books, papers, property or seal of the corporation, and the other three *de jure* directors were not notified of the time and place of such meeting. It was held that the new board had no power to elect a president; that the fact that a majority of the *de jure* directors were present did not make the election legal when the other lawful directors were not notified of or present at the meeting, and a judgment for the defendant was affirmed.

"The general, if not the universal rule is, that notice must be given to each director of the time and place of all special meetings. A minority cannot be arbitrarily deprived of this right by a majority. It is contemplated in the election of directors to manage the affairs of the corporation that it shall have the benefit of the judgment, consultation and influence of all the members of the board, and ordinarily, in the absence of special circumstances or express provisions to the contrary, each member should have an opportu-

nity to be present at all the meetings of the directors. For this reason the great current of the cases is to the effect that notice of special meetings must be given every director, in the absence of express provision in the charter or by-laws to the contrary, or unless there is an established usage to the contrary, or unless it is impractical or impossible to give such notice. In all other cases, special meetings in the absence of some of the directors and without notice to them are illegal, and any action at such meetings, though taken by a majority of the directors, is void.'' 2 Thompson on Corporations, 2nd edition, Sec. 1140, and cases there cited.

We are clearly of the opinion that the action of Reuter, Leslie and Steinweg at Donnelly's office, authorizing and employing Donnelly to render the services for which his claim against the defendant was based, is void for the want of notice to the directors who did not attend.

It is further contended that plaintiff's services were rendered with the acquiescence of the defendant corporation, and therefore the defendant is estopped from saying that plaintiff was not employed by the corporation to render such services. Here were two contesting bodies, each attempting to exercise the functions of a board of directors. There is no evidence tending to show acquiescence in the employment of Donnelly or ratification of his employment or of his acts in beginning the suits for which he now claims compensation, by the absent directors or the stockholders; but on the contrary it appears that the board of directors elected at the next meeting of stockholders held January, 1909, at once after their election ordered both suits dismissed, and that both suits were, in compliance with such orders, dismissed. We think that the evidence fails to show that the act of Reuter, Leslie and Steinweg in employing plaintiff was ratified by the corporation.

There was no evidence tending to show that Steinweg as vice-president employed plaintiff, and the

question whether he as vice-president had power or authority to employ him is not before us on this record.˙ We think that the evidence fails to show a right of recovery in the plaintiff, and the judgment is affirmed.

*Affirmed.*